UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WAYNE BANKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-345 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Wayne Banks (TDCJ #474457) filed a complaint under 42 U.S.C. § 1983, complaining of conditions of confinement at John Sealy hospital, located within the University of Texas Medical Branch in Galveston, Texas. He proceeds *pro se* and *in forma paupers*. After reviewing plaintiff's complaint and exhibits as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the plaintiff's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, at 555. While *pro se* complaints are

held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In his complaint, Banks claims that he was hospitalized in John Sealy hospital for surgery the following day and was assigned a top bunk. On the morning of his scheduled surgery, Banks, as he was coming down from the top bunk, lost his footing and fell, striking his head on the commode. He was immediately attended to by a nurse and transferred to the emergency room where a C.A.T. scan was performed. Banks sues the defendants claiming that they were negligent for failing to place handrails on the sleeping bunks and failing to take pictures of the bunks after he fell.

A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To succeed on such a claim, an inmate is required to establish that defendants had actual subjective knowledge that a substantial risk of serious harm existed and responded with deliberate indifference to that risk. *Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996). Such a finding of deliberate indifference "must rest on facts clearly evincing 'wanton' actions of the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Based on the pleaded facts, Banks has not stated a claim that would constitute deliberate indifference or wanton disregard of his rights. The fact that Banks accidentally lost his footing while climbing down from a top bunk does not satisfy the standard that the defendants were aware of a

substantial risk of harm to him and disregarded it. At most, Bank's allegations might support a claim of negligence, but negligence is insufficient to maintain an action under section 1983. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Without more, plaintiff's claim is merely a state tort claim which must be pursued in state court.

For the foregoing reasons, this case is **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915A (b)(1) and 28 U.S.C. § 1915(e)(2)(B).

It is so **ORDERED.**

All pending motions, if any, are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

It is so **ORDERED.**

SIGNED on this 28th day of August, 2014.

_____
Kenneth M. Hoyt
United States District Judge